UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

        *Plaintiffs,*

  -against-

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/ A PUMP'T;
MARQUIS CATTLE INC. and
CORY SHANNON MARQUIS,

        *Defendants.*

Case No. 6:23-cv-06728-FPG

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO SET AN EXPEDITED BRIEFING SCHEDULE**

WELLS LAW P.C.
Steven W. Wells
Will Parsons
229 Warner Road
Lancaster, New York 14086
(716) 983-4750
Email: steve@wellspc.com
Email: will@wellspc.com

*Counsel for Plaintiff*

Plaintiff Spartan Business Solutions LLC d/b/a Spartan Business Capital ("Plaintiff") hereby submits this memorandum of law in support of its motion to set an expedited briefing schedule on its motion to remand against Defendants Marquis Cattle Company Inc. d/b/a Marquis Cattle Company, Montana Mountain Bison, Inc., MCC Trucking LLC, M Hanging 6 Ranch LLC d/b/a Pump't, Marquis Cattle Inc., and Cory Shannon Marquis (together, "Defendants") and states as follows.

"A trial court has broad discretionary authority in managing the litigation before it, and the deterrence of intentional and unnecessary delay in the proceedings." *Steuben Foods, Inc. v. Oystar Grp.*, 2015 WL 9275748, at *1 (W.D.N.Y. Dec. 21, 2015) (quoting B*eatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1177 (Fed. Cir. 1990)).  As part of this authority, federal courts have discretion to set expedited briefing schedules.  *See, e.g., MG Pharmacy LLC v. Cardinal Health 110 LLC*, 2021 WL 6845294, at *1 (D. Ariz. Oct. 15, 2021) ("[T]he Court will exercise its discretion to expedite briefing"); *Tomson v. The Weitz Co., LLC*, 2008 WL 4567259, at *2 (D. Kan. Oct. 10, 2008) ("Judge O'Hara acted within his discretion to expedite the briefing schedule"); *Kunaknana v. Clark*, 742 F.2d 1145, 1152 (9th Cir. 1984) (holding that the trial court did not abuse its discretion in "setting an abbreviated briefing schedule").

Here, Plaintiff respectfully requests that the Court set an expedited briefing schedule providing (i) Defendants with seven (7) days to oppose Plaintiff's motion to remand, and (ii) Plaintiff with seven (7) days to file a reply thereafter.

This is Defendants' second attempt at removal.  It is objectively unreasonable.  The parties and the claims are exactly the same as when Defendants first attempted removal.  Defendants do not purport to identity an intervening change in the underlying factual circumstances that would

justify a second removal.  Nor do they purport to identify an "amended pleading, motion, order or other paper" filed in the State Court Action.  It appears that, having already consumed six (6) months with their first failed attempt at removal, Defendants filed their objectively unreasonable Second Notice of Removal simply to run out more clock.  This improper strategy would only be served by a normal briefing schedule and, as such, Plaintiff respectfully requests that the Court set an expedited briefing schedule on Plaintiff's motion and render a decision as soon practicable thereafter.

Dated: January 19, 2024                                  Respectfully Submitted,


                                                         */s Steven W. Wells*
                                                         Steven W. Wells
                                                         Will Parsons
                                                         WELLS LAW P.C.
                                                         229 Warner Road
                                                         Lancaster, New York 14086
                                                         (716) 983-4750
                                                         Email: steve@wellspc.com
                                                         Email: will@wellspc.com

                                                         *Counsel for Plaintiff*