UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

    *Plaintiffs,*

  -against-

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/ A PUMP'T;
MARQUIS CATTLE INC. and
CORY SHANNON MARQUIS,

    *Defendants.*

---

Case No. 6:23-cv-06728-FPG

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO REMAND**

WELLS LAW P.C.
Steven W. Wells
Will Parsons
229 Warner Road
Lancaster, New York 14086
Tel.: (716) 983-4750
Email: steve@wellspc.com
Email: will@wellspc.com

*Counsel for Plaintiff*

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………………..iii

INTRODUCTION………………………………………………………………………..………..1

FACTUAL BACKGROUND…………………………………………………………..………2

    I.     The State Court Complaint……………………………………………………..2

    II.    Defendants' First Notice of Removal………………………….……………2

    III.   Plaintiff's Motion to Remand or, in the Alternative, to Compel Arbitration……..2

    IV.   The Court's Decision and Order…………………………………………..3

    V.    The Remand………………………………………………………………3

    VI.   The Subsequent Proceedings in the State Court Action………………..………3

    VII.  Defendants' Second Notice of Removal………………………………..……4

LEGAL ARGUMENT…………………………………………………………………………4

    I.     The Court Should Remand This Action a Second Time……………..…………4

          A.    Defendants' Second Notice of Removal is Untimely……………………..4

          B.    There Has Been No Change in the Factual Circumstances to Warrant a Second Removal………………………………………………5

          C.    Defendants' Rule 60(b) Argument Fails…………………………………..6

    II.    The Court Should Award Plaintiff Its Attorney's Fees and Costs…………...……8

CONCLUSION……………………………………………………………….……………..9

# **TABLE OF AUTHORITIES**

**Cases**

*Fleming v. New York Univ.*,
   865 F.2d 478, 484 (2d Cir. 1989)……………………………………………..…..7

*Fouad v. Milton Hershey Sch. & Sch. Tr.*,
   523 F. Supp. 3d 648, 654 (S.D.N.Y. 2021)………………………………………….6

*Healthnow New York, Inc. v. Meridian Techs., Inc.*,
   2012 WL 713682, at *2 (W.D.N.Y. Mar. 5, 2012)……………………………….…….5

*JJJ Constructora y Agregados v. U.S. Fid. & Guar. Co.*,
   554 F. Supp. 2d 100, 101 (D.P.R. 2006)……………………………………………..…5

*Martin v. Franklin Cap. Corp.*,
   546 U.S. 132, 139 (2005)……………………………………………………………….8

*Meeks v. City of Rochester*,
   2022 WL 13789086, at *3 (W.D.N.Y. Oct. 24, 2022)……………………...………..5, 8

*O'Reilly v. Mackris*,
   556 F. Supp. 3d 166, 171 (E.D.N.Y. 2021)……………………………………….……6

*Ortiz v. City of New York*,
   2013 WL 2413724, at *2 (S.D.N.Y. June 4, 2013)………………………………….…6

*St. Paul & C.R. Co. v. McLean*,
   108 U.S. 212, 217 (1883)……………………………………………………………….5

*State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*,
   374 F.3d 158, 176 (2d Cir. 2004)……………………………………………....……..7

*Taylor v. Medtronic, Inc.*,
   15 F.4th 148, 152 (2d Cir. 2021)……………………………………………………….5

*Waters v. Kohl's Dep't Stores, Inc.*,
   2018 WL 1664968, at *5 (C.D. Cal. Apr. 4, 2018)……………………………………6

**Statutes**

28 U.S.C § 1332……………………………………………………………………….…..1

28 U.S.C § 1441……………………………………………………………………………1

28 U.S.C § 1446…………………………………………………………………...………1, 4, 6

28 U.S.C § 1447……………………………………………………………….………………..1, 8

Fed. R. Civ. P. 60(b)…………………………………………………………...……….1, 4, 6, 7, 8, 9

Pursuant to 28 U.S.C §§ 1332, 1441, 1446, and 1447, Plaintiff Spartan Business Solutions LLC d/b/a Spartan Business Capital hereby submits this memorandum of law in support of its motion to remand against Defendants Marquis Cattle Company Inc. d/b/a Marquis Cattle Company, Montana Mountain Bison, Inc., MCC Trucking LLC, M Hanging 6 Ranch LLC d/b/a Pump't, Marquis Cattle Inc. (together, the "Corporate Defendants"), and Cory Shannon Marquis ("Mr. Marquis") (all together, "Defendants") and states as follows.

## INTRODUCTION

This is Defendants' second attempt at removal. On their first attempt, Defendants failed to meet the Court's deadline to establish diversity jurisdiction and the Court remanded the case. One month later – and almost eight (8) months after expiration of the thirty (30) day deadline for removal – Defendants filed a Second Notice of Removal. Defendants' basis for removal was exactly the same (diversity jurisdiction) even though there had been no change in the parties, claims, or factual circumstances. Defendants simply sought a "do over." Under well-settled law, however, this is plainly improper. To justify their improper second removal, Defendants purported to seek relief from the Court's remand order under Rule 60(b)(3) by arguing that Plaintiff misrepresented its intent to file a motion to compel arbitration in state court if the case were remanded. This argument is without merit and is simply a pretext for Defendants' improper second removal, which appears to have been filed solely for the purpose of delay. Not only should the Court reject Defendants' second removal, but also the Court should award Plaintiff its attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) as Defendants' second removal is objectively unreasonable.

## FACTUAL BACKGROUND

### I. The State Court Complaint.

On March 30, 2023, Plaintiff filed suit against Defendants in the action entitled *Spartan Business Solutions LLC v. Marquis Cattle Company Inc.*, Supreme Court of the State of New York, Monroe County, Index. No. E2023003269 (the "State Court Action"). (*See* Doc. No. 1-2, Compl.) Plaintiff asserted a cause of action against the Corporate Defendants for breach of the parties' Standard Merchant Cash Advance Agreements and a cause of action against Mr. Marquis for breach of the accompanying Personal Guarantees of Performance. (*See id.*)

### II. Defendants' First Notice of Removal.

On May 10, 2023, Defendants filed their first Notice of Removal. (*See* Declaration of Steven W. Wells ("Wells Decl."), Ex. 1). Defendants alleged diversity as the basis of subject matter jurisdiction. (*Id.* ¶ 7). They alleged that "Plaintiff is a citizen of the state of New York." (*Id.* ¶ 2). They further alleged that "Corporate Defendants are citizens of the state of Montana" and that "[Mr. Marquis] is a citizen of the state of Montana." (*Id.* ¶¶ 3-4).

### III. Plaintiff's Motion to Remand or, in the Alternative, to Compel Arbitration.

On June 9, 2023, Plaintiff moved to remand the action to state court on the grounds that Defendants had failed to allege complete diversity. (Wells Decl., Ex. 2). In particular, Plaintiff noted that Defendants had failed to adequately allege the citizenship of the limited liability company parties. (*See id.*) In the alternative to its motion to remand – and only if the Court determined that it had subject matter jurisdiction – Plaintiff moved to compel arbitration. (*See id.*) On June 26, 2023, Defendants responded in opposition. (*See* Wells Dec., Ex. 3).

## IV. The Court's Decision and Order.

On November 6, 2023, the Court issued a Decision and Order on Plaintiff's motion. (Wells Decl., Ex. 4). The Court held that "Defendants alleged diversity jurisdiction in their Notice of Removal, but did not apply the proper standard for determining the citizenship of an LLC…." (*Id.* at p. 6). The Court, however, "permit[ted] Defendants to amend the Notice of Removal." (*Id.* The Court specifically ordered that:

> Within fourteen days of this Decision and Order, Defendants must file an amended notice of removal properly alleging the citizenship of the LLC Defendants….Failure to comply with this deadline will result in the remand of this case to the Supreme Court of the State of New York, Monroe County, without further order of the Court.

(*Id.*)

## V. The Remand.

Defendants failed to file an amended notice of removal within fourteen (14) days of the Court's November 6, 2023, Decision and Order. (*See* Wells Decl., Ex. 5). As such, on November 21, 2023, the Court entered an Order remanding the case and stating as follows:

> Having received no amended notice of removal from Defendants by the deadline previously stated, the Court hereby remands this case to the Supreme Court of the State of New York, Monroe County, for lack of subject matter jurisdiction.

(*Id.*)

## VI. The Subsequent Proceedings in the State Court Action.

On December 12, 2023 – after the case was remanded to state court – Defendants filed a motion to change venue (from Monroe County to Orange County) in the State Court Action. (*Id.*, Ex. 6). On December 12 and 18, 2023, Plaintiff advised Defendants that they were in default for failing to respond to Plaintiff's Complaint (a motion to change venue does not constitute a responsive pleading under the CPLR). (*Id.*, Ex. 7). Plaintiff advised Defendants that it intended

3

to file a motion for default judgment on Friday, December 22, 2023, if Defendants did not respond to the Complaint. (*Id*.) On December 18, 2023, Defendants filed a motion to extend their time to answer in the State Court Action. (*Id*., Ex. 8).

### VII. Defendants' Second Notice of Removal.

On December 21, 2023, Defendants filed their Second Notice of Removal. (Doc. No. 1, 2nd Not. of Removal). Defendants again cited diversity jurisdiction as the basis for removal. (*See id*. at pp. 1-2). They also claimed that Plaintiff had engaged in "misrepresentation[] or misconduct" in the prior action by stating that it intended to move to compel arbitration if the case were remanded to state court. (*Id*. at pp. 4-5). They requested that the Court "relieve [them] of the Order remanding the case and hold that Plaintiff waived the right to arbitrate or, in the alternative, issue an order compelling arbitration." (*Id*. at p. 5). Plaintiff now moves to remand for a second time.

## LEGAL ARGUMENT

### I. The Court Should Remand This Action a Second Time.

Respectfully, the Court should remand this action a second time because (A) Defendants' Second Notice of Removal – filed almost eight (8) months after expiration of the thirty (30) day removal deadline – is untimely, (B) there has been no change in the factual circumstances to warrant a second removal, and (C) Defendants' Rule 60(b) argument is without merit.

#### A. Defendants' Second Notice of Removal is Untimely.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief…." 28 U.S.C. § 1446(b)(1). "[T]he removal statute uses mandatory language requiring that the notice of removal '*shall* be filed within 30 days' after a defendant

4

receives an initial pleading…." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152 (2d Cir. 2021) (italics in original). "[N]othing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses." *Id.* at 153. "[N]umerous federal courts have concluded that "the thirty-day time limitation to file a notice of removal must be strictly construed, and is not subject to an extension by consent of the parties or order of the Court." *Meeks v. City of Rochester*, 2022 WL 13789086, at *3 (W.D.N.Y. Oct. 24, 2022) (citing *JJJ Constructora y Agregados v. U.S. Fid. & Guar. Co.*, 554 F. Supp. 2d 100, 101 (D.P.R. 2006)). Pursuant to the foregoing, a removing party's failure to meet the thirty-day deadline mandates remand. *See, e.g., Healthnow New York, Inc. v. Meridian Techs., Inc.*, 2012 WL 713682, at *2 (W.D.N.Y. Mar. 5, 2012) ("[The defendant's failure to file a notice of removal within 30 days of service of the original Complaint warrants remand").

Here, Plaintiff served Defendants with the Summons and Complaint in the State Court Action on March 30, 2023. (*See* Doc. No. 1-2, Compl.)[1] Defendants, however, did not file their Second Notice of Removal until December 21, 2023, almost eight (8) months after expiration of the thirty (30) day removal deadline. (*See* Doc. No. 1, 2nd Not. of Removal). Defendants' Second Notice of Removal is untimely and this action must be remanded.

### B. There Has Been No Change in the Factual Circumstances to Warrant a Second Removal.

In 1883, the Supreme Court held that "a party is not entitled…to file a second petition for…removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit." *St. Paul & C.R. Co. v. McLean*, 108 U.S. 212,

---

[1] Defendants filed their First Notice of Removal on May 10, 2023, more than thirty (30) days after the Defendants received service. (Wells Decl., Ex.1). Plaintiff did not object to this untimely removal because Defendants' counsel represented that it was working on a settlement and could not work on both removal and settlement at the same time. (*Id.* ¶ 3).

5

217 (1883).  "Since that time, federal courts have adhered to a general rule that, absent an intervening change in the underlying factual circumstances, a second removal by the same party on the same ground is impermissible and may subject the removing party to sanctions."  *Ortiz v. City of New York*, 2013 WL 2413724, at *2 (S.D.N.Y. June 4, 2013) (citing cases and authorities); *see also, e.g., Fouad v. Milton Hershey Sch. & Sch. Tr.*, 523 F. Supp. 3d 648, 654 (S.D.N.Y. 2021) ("[Section] 1447(d) bars a successive removal where, as here, it is based on the same grounds as a prior removal that was remanded for lack of subject matter jurisdiction…."); *O'Reilly v. Mackris*, 556 F. Supp. 3d 166, 171 (E.D.N.Y. 2021) ("The rule barring successive removal is strict" and applies "[e]ven when the first remand was due to a procedural error on the part of the defendant") (quoting *Waters v. Kohl's Dep't Stores, Inc.*, 2018 WL 1664968, at *5 (C.D. Cal. Apr. 4, 2018)).

Here, Defendants' second removal is based on the same grounds as the first (*i.e.*, diversity jurisdiction) even though the parties and the claims remain exactly the same.  (Doc. No. 1, 2nd Not. of Removal; Wells Decl., Ex. 1).  Moreover, Defendants have failed to identity "any intervening change in the underlying factual circumstances" to warrant a second removal.  (*See* Doc. No. 1, 2nd Not. of Removal).  There has been no "amended pleading, motion, order or other paper" filed in the State Court Action "from which it may first be ascertained that the case is one which is or has become removable."  *See* 28 U.S.C. § 1447(b)(3).  Defendants simply seek a "do over" after having failed to meet the Court's deadline to establish diversity jurisdiction in the prior action.  Defendants' second removal is improper and, respectfully, this case should be remanded.

### C. Defendants' Rule 60(b) Argument Fails.

Rule 60(b)(3) provides that "[o]n motion and just terms, the court may relieve a party…from a final judgment, order, or proceeding for…fraud…misrepresentation, or misconduct by an opposing party…."  Fed. R. Civ. P. 60(b)(3).  "[A] Rule 60(b)(3) motion cannot be granted

6

absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted).

Here, Defendants' Rule 60(b)(3) argument – that the Court should relieve them of the remand Order because Plaintiff allegedly misrepresented its intent to move to compel arbitration – is a pretextual attempt for Defendants' to relitigate their previous failed attempt at removal. The suggestion that Plaintiff made a material misrepresentation is without merit. Most importantly, there was no misrepresentation; Plaintiff merely stated that it intended to move to compel arbitration if the case were remanded. (Wells Decl. ¶ 11). At the time, this was an accurate statement. (*See id.*) Subsequently, however, Plaintiff's counsel participated in three arbitrations where the fees (attorney's fees, administration fees, and arbitrator fees) were significantly greater than they would have been in state court litigation. (*Id.*) Moreover, there was little, if any, gain in efficiency; the arbitrations involved the same elements (discovery, motion practice, etc.) as state court litigation. (*Id.*) As such, Plaintiff's counsel concluded that it would be contrary to Plaintiff's best interest to arbitrate and that it would be cheaper and quicker to litigate in state court. (*Id.*) That is why Plaintiff elected to litigate in state court rather than moving to compel arbitration. (*Id.*) Respectfully, Plaintiff is entitled to make strategic litigation decisions that are in its best interest without being accused of misrepresentation.

Regardless, even if there had been a misrepresentation – and there was not – it was not material. The Court's remand order was based entirely upon Defendants' failure to comply with

7

the Court's deadline to establish diversity jurisdiction. It had nothing to do with Plaintiff's stated intent to arbitrate, which was completely immaterial to the Court's remand order.

Finally, Plaintiff's alleged "misrepresentation" did not prevent Defendants from fully and fairly presenting their case. Indeed, according to their Second Notice of Removal, Defendants made a conscious, intentional decision not to comply with the Court's deadline for establishing diversity jurisdiction. It is immaterial Defendants may have based their decision on the incorrect assumption that a party cannot change litigation strategy to serve its own best interest. Respectfully, Defendants' Rule 60(b)(3) argument is simply a pretext to justify their improper second removal and should be rejected.

## II.   The Court Should Award Plaintiff Its Attorney's Fees and Costs.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]n award of fees under § 1447(c) is left to the district court's discretion…." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Meeks*, 2022 WL 13789086, at *3. Among other things, attorney's fees may be awarded where a "notice of removal was plainly untimely filed." *Id.* at *4.

Here, Defendants lacked an objectively reasonable basis for removing this case a second time. Their Second Notice of Removal was plainly untimely as it was filed almost eight (8) months after expiration of the thirty (30) day removal deadline. Moreover, the alleged basis for the second removal (diversity jurisdiction) was the same as the first even though the parties and the claims remained exactly the same. Moreover, Defendants did not even purport to identify an "intervening change in the underlying factual circumstances" or an "amended pleading, motion, order or other

8

paper" filed in the State Court Action.  Their Rule 60(b)(3) argument is simply a pretext for their improper second removal – which, Plaintiff submits, was filed solely for the purpose of delay – after they failed to meet the Court's deadline to establish diversity jurisdiction in the first action. Indeed, after removal, Defendants effectively conceded that there was no legitimate basis for a second removal by engaging in substantial litigation in state court, *i.e.*, by filing a motion to change venue and a motion to extend the time to answer (both of which, incidentally, served Defendants' strategy of delay).  Pursuant to the foregoing, Plaintiff respectfully submits that Defendants' second removal was objectively unreasonable and that an award of attorney's fees and costs is proper.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this action to the Supreme Court of Monroe County and award Plaintiff its reasonable attorney's fees and costs incurred with respect to Defendants' second removal.

Dated: January 19, 2024                           Respectfully Submitted,


                                                  */s Steven W. Wells*
                                                  Steven W. Wells
                                                  Will Parsons
                                                  WELLS LAW P.C.
                                                  229 Warner Road
                                                  Lancaster, New York 14086
                                                  (716) 983-4750
                                                  Email: steve@wellspc.com
                                                  Email: will@wellspc.com

                                                  *Counsel for Plaintiff*