UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

                            *Plaintiff*,

         -- against –

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/A PUMP'T;
MARQUIS CATTLE INC.; and
CORY SHANNON MARQUIS,

                            *Defendants*.
------------------------------------------------------X

23 Civ. 06728 (FPG)

**NOTICE OF REMOVAL**

       **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Defendants – Marquis Cattle Company Inc. d/b/a Marquis Cattle Company; Montana Mountain Bison, Inc.; MCC Trucking LLC; M Hanging 6 Ranch LLC d/b/a Pump't; Marquis Cattle Inc.; and Cory Shannon Marquis – by and through their attorneys, hereby remove this action to the United States District Court for the Western District of New York.

       Defendants respectfully state the following grounds for removing this action:

       1.     Marquis Cattle Company Inc. d/b/a Marquis Cattle Company; Montana Mountain Bison, Inc.; MCC Trucking LLC; M Hanging 6 Ranch LLC d/b/a Pump't; Marquis Cattle Inc. and Cory Shannon Marquis ("Individual Defendant") are defendants in a civil action entitled *Spartan Business Solutions LLC v. Marquis Cattle Company Inc et al*. pending in the Supreme Court of New York, County of the Monroe ("State Court Action").

2. Upon information and belief, Plaintiff is a citizen of the state of New Jersey because it has a single member who is a natural person who resides in and is a citizen of the state of New Jersey.

3. The corporations are all citizens of the state of Montana because they were formed under the laws of Montana and the corporation's "nerve center" is in the state of Montana.

4. The limited liability companies -- MCC Trucking LLC and M Hanging 6 Ranch LLC – are citizens of Montana. The two individual members of MCC Trucking LLC are each a natural person, and each person is a citizen of Montana. The two individual members of M Hanging 6 Ranch LLC are each a natural person, and each person is a citizen of Montana.

5. Individual Defendant is a citizen of the state of Montana.

6. Plaintiff filed the State Court Action on March 30, 2023.

7. Plaintiff seeks $239,886.26 plus interest, costs, disbursements and attorney's fees.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

9. Pursuant to 28 U.S.C. § 1446, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

10. On May 10, 2023, Defendants filed a timely Notice of Removal. *See Spartan Business Solutions LLC v. Marquis Cattle Company Inc. et al.*, 23 Civ. 06258 (FPG).

11. On June 9, 2023, Plaintiff filed a motion to remand or, in the alternative, a motion to compel arbitration.

12. On June 26, 2023, Defendants opposed.

13. On June 27, 2023, Plaintiff filed it reply brief and stated to the Court: "Plaintiff filed its motion to remand because it contends that this Court lacks subject matter jurisdiction. If the Court finds that to be the case and remands the action to state court, Plaintiff will file its motion to compel arbitration in state court. It obviously cannot file that motion in state court, however, until remand occurs."  CM/ECF No. 15 at 9.  A copy of the brief is available here: https://storage.courtlistener.com/recap/gov.uscourts.nywd.145660/gov.uscourts.nywd.145660.15.0_6.pdf

14. On November 6, 2023, the Court issued a six-page Decision and Order giving Defendants' permission to Plaintiff to file an amended Notice of Removal and concluding: "Within fourteen (14) days of the filing of this Decision and Order, Defendants may file an amended notice of removal to resolve the jurisdictional issue described herein. If Defendants do not do so by this deadline, the Court will remand this case to the Supreme Court of the State of New York, Monroe County, without further order. If Defendants' amended notice of removal satisfies this Court that diversity jurisdiction exists, the Court will take Plaintiff's pending motion to compel arbitration and Defendants' response under advisement."

15. A copy of this decision is available here: https://storage.courtlistener.com/recap/gov.uscourts.nywd.145660/gov.uscourts.nywd.145660.16.0.pdf

16. Based on Plaintiff's representation ("If the Court finds that to be the case and remands the action to state court, Plaintiff will file its motion to compel arbitration in state

court."), Defendants elected not to file an amended Notice of Removal and allow the case to be remanded.

17. On November 21, 2023, the Court issued its Order stating in part: "Having received no amended notice of removal from Defendants by the deadline previously stated, the Court hereby remands this case to the Supreme Court of the State of New York, Monroe County, for lack of subject matter jurisdiction. "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court." 28 U.S.C. § 1447. The Clerk of Court is accordingly directed to (i) mail a certified copy of this Text Order and the Court's November 6, 2023 Decision and Order to the state court, and (ii) close this case."

18. On November 22, 2023, the Clerk of the Court mailed certified copies of the Text Order and Decision and Order to the NYS Supreme Court, Monroe County and terminated the case.

19. Through counsel, David Kasell, Esq., Defendants have since stated to Plaintiff: "Please file your client's demand [for arbitration] tomorrow [Tuesday, December 19, 2023]. . . . You represented to the Court that this matter would be arbitrated.  It should be arbitrated."

20. Plaintiff has refused, or otherwise failed, to file the demand or seek arbitration despite its representation to the Court.

21. Plaintiff's counsel also stated that he wants to file a motion for summary judgment in state court, rather than seek arbitration.

22. Plaintiff's statement that it would seek arbitration if remanded to state court was a material misrepresentation to the Court as well as to Defendants who relied on it.

23. Rule 60(b) of the Federal Rules of Civil Procedure states:  "Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a

4

party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), *misrepresentation*, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

24. The Court should relieve the Defendants of the Order remanding the case and hold that Plaintiff waived the right to arbitrate or, in the alternative, issue an order compelling arbitration.

25. Defendants are not residents of the state of New York.

26. Monroe County has no connection to Plaintiff.

27. Plaintiff and Plaintiff's counsel has been filing dozens, if not hundreds, of complaints in Monroe County despite the lack of connection.

28. Diversity jurisdiction is founded on assurance to non-resident litigants of courts free from susceptibility to potential local bias." *Guaranty Trust Co. v. York*, 326 U.S. 99, 111 (1945); *see generally* THE FEDERALIST No. 80, at 390 (Alexander Hamilton) (Jim Miller ed., 2017) (stating "the national judiciary ought to preside in all cases in which one state or its citizens are opposed to another state or its citizens").

29. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the NY State Court Action is pending.

30.     WHEREFORE, Defendants request that this civil action be removed from the Supreme Court of the State of New York, County of Monroe, to the United States District Court for the Western District of New York.

Dated:  Rochester, NY
January 30, 2023

/s/ *Brian Goodwin*
Brian R. Goodwin
Goodwin Law Firm
75 South Clinton Square, Suite 510
Rochester, NY 14604
(585) 353-7084
bgoodwin.lawofficesofbrgoodwin@gmail.com

*Attorney for Defendants*

/s/ *David Kasell*
David M. Kasell, Esq.
Kasell Law Firm
1038 Jackson Avenue, #4
Long Island City, NY 11101
david@merchantcashdefense.com
(718) 404-6668

*Attorney for Defendants*

To:  Steven W. Wells, Esq.
Wells Law P.C.
229 Warner Road
Lancaster, NY 14086

Jason A. Gang, Esq.
The Law Office of Jason Gang
1245 Hewlett Plaza, #478
Hewlett, NY 11447

*Attorneys for Plaintiff*