## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

       *Plaintiffs,*

       -against-

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/ A PUMP'T;
MARQUIS CATTLE INC. and
CORY SHANNON MARQUIS,

          *Defendants.*

Case No. 6:23-cv-06728-FPG

---

### PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO REMAND AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION

WELLS LAW P.C.
Steven W. Wells
Will Parsons
229 Warner Road
Lancaster, New York 14086
(716) 983-4750
Email: steve@wellspc.com
Email: will@wellspc.com

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………..iii

INTRODUCTION……………………………………………………………..……………..1

LEGAL ARGUMENT……………………………………………………...…………………..1

    I.     The Court Should Remand This Action a Second Time……………….…………1

        A.    Defendants Don't Attempt to Provide a Legitimate Justification
            For Their Untimely Second Removal…………………………..……….2

        B.    Plaintiff's Motion to Remand Was Timely……………………………..2

            1.    The 30-Day Remand Deadline Isn't Absolute………………….…2

            2.    The 30-Day Remand Deadline Is Subject to
               Equitable Tolling…………………………………………..……..5

            3.    The Court Has Inherent Authority to Deem Plaintiff's
               Motion Timely Filed Under the Correct Docket Number……...…6

        C.    Defendants' Rule 60(b) Argument Fails…………………………….……6

    II.    The Court Should Award Plaintiffs its Attorney's Fees and Costs………………7

    III.    The Court Should Deny Defendants' Cross-Motion……………………….……7

CONCLUSION………………………………………………………………..……..7

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bank of New York Mellon v. Glavin*,
2012 WL 13069923, at *2 (W.D. Wis. Mar. 15, 2012)……………………….……..….5

*Blanco v. Snyders of Hanover, Inc.*,
2003 WL 21939707, at *3 (S.D.N.Y. Aug. 12, 2003)………………………………….3

*Byfield v. Niaz*,
2001 WL 25705, at *2 (S.D.N.Y. Jan. 10, 2001)…………………………………..……..5

*Council of Laborers v. Pittsburg-Des Moines Steel*,
69 F.3d 1034, 1038 (9th Cir. 1995)………………………………………….……….4

*Doyle v. Staples*,
2000 WL 194685, at *2 (E.D.N.Y. Feb. 18, 2000)………………………………….….5

*Fed. Ins. Co. v. Tyco Int'l Ltd.*,
422 F. Supp. 2d 357, 370 (S.D.N.Y. 2006)……………………………..….…..….3

*Olson v. Lui*,
2011 WL 5330445, at *6, 8 (D. Haw. Nov. 4, 2011)…………………………...…..….5

*Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*,
422 F.3d 72, 75 (2d Cir. 2005)……………………………………………………2, 3, 4, 5

*Shipley v. Helping Hands Therapy*,
996 F.3d 1157, 1160–61 (11th Cir. 2021)……………………………….…………….4

*Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Hartford Fire Ins. Co.*,
482 F.3d 1064, 1065 (9th Cir. 2007)…………………………………….………………..6

*United States v. Acquest Transit LLC*,
2018 WL 3861612, at *23 (W.D.N.Y. Aug. 14, 2018)………………………….……….6

*Wilson v. Lowe's Home Ctr., Inc.*,
401 F. Supp. 2d 186, 189 (D. Conn. 2005)…………………………………….….3

**Statutes**

28 USC § 1447……………………………………………………………...…….…..2, 5

Plaintiff Spartan Business Solutions LLC d/b/a Spartan Business Capital ("Plaintiff") hereby submits this reply memorandum of law in further support of its motion to remand against Defendants Marquis Cattle Company Inc. d/b/a Marquis Cattle Company, Montana Mountain Bison, Inc., MCC Trucking LLC, M Hanging 6 Ranch LLC d/b/a Pump't, Marquis Cattle Inc., and Cory Shannon Marquis (together, "Defendants") and in opposition to Defendants' cross-motion and states as follows.

## INTRODUCTION

In its motion to remand, Plaintiff asserted that Defendants' second removal was objectively unreasonable. Defendants have now confirmed this fact. Defendants' don't attempt to provide a legitimate justification for their second removal. Instead, they claim that Plaintiff's motion to remand was untimely because it was initially filed under the docket number of the prior action. This claim is without merit and contrary to established law. As to their Rule 60(b) argument, Defendants simply repeat the same points that Plaintiff already addressed. Respectfully, the Court should remand this action a second time and award Plaintiff its reasonable attorney's fees and costs incurred with respect to Defendants' objectively unreasonable second removal.

## LEGAL ARGUMENT

### I.     The Court Should Remand This Action a Second Time.

Defendants have provided no justification for their untimely second removal. Their argument that Plaintiff's motion to remand was untimely is contrary to established law. Their Rule 60(b) argument fails for the reasons set forth in Plaintiff's initial memorandum of law. Respectfully, the Court should remand this action a second time.

### A.  Defendants Don't Attempt to Provide a Legitimate Justification For Their Untimely Second Removal.

Defendants don't dispute (because they can't) that their Second Notice of Removal was filed almost eight (8) months after expiration of the thirty (30) day removal deadline.  (*See* Doc. No.12, Defs.' Memo.) [1]  Nor do they claim a change in the factual circumstances warranting a second removal or a new basis for subject matter jurisdiction.  (*See id.*)  As such, Defendants haven't even attempted to provide a legitimate basis for their second removal and, respectfully, the Court should grant Plaintiff's motion to remand.

### B.  Plaintiff's Motion to Remand Was Timely.

Defendants argue that Plaintiff's motion to remand was untimely because, although it was filed twenty-nine (29) days after removal, it was inadvertently filed under the wrong docket number and then (pursuant to this Court's order) refiled under the correct docket number more than thirty (30) days after removal.  This hyper-technical argument fails for numerous reasons.

#### 1.  The 30-Day Remand Deadline Isn't Absolute.

"A motion to remand [] on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal…."  28 USC § 1447(c).  "This deadline is plainly mandatory."  *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005).  However, the deadline isn't "jurisdictional, nor is there any statutory language that purports to limit the court's power to consider an overdue motion."  *Id.*  Moreover, "Section 1447 does not give any guidance on when a motion is 'made.'"  *Id.*  Pursuant to the foregoing, courts in the Second Circuit will consider motions that, for technical

---

[1] "[A] party concedes through silence arguments made by its opponent that it fails to address."  *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 86 (E.D.N.Y. 2019); *see also, e.g.*, *CVS Pharmacy, Inc. v. Press America, Inc.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) ("[A] party may be deemed to have conceded an argument by failing to address it in its briefing").

or other reasons, were filed outside the 30-day deadline.  *See, e.g., id.*; *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 370 (S.D.N.Y. 2006) (deeming plaintiff's remand motion timely where it was filed outside the 30-day period due to a "quirk" in the local rules); *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 189 (D. Conn. 2005) (deeming plaintiff's remand motion timely where it was received by the clerk within the 30-day period but not filed until after) (superseded by statute on other grounds).

In so doing, courts assess whether the complaining party had notice of the remand motion within the 30-day period.  *See Tyco*, 422 F. Supp. 2d at 371 (considering an alleged untimely motion where the parties seeking remand "provided unambiguous and timely notice…of their intention to send this case back to state court"); *Blanco v. Snyders of Hanover, Inc.*, 2003 WL 21939707, at *3 (S.D.N.Y. Aug. 12, 2003) (considering plaintiffs' alleged untimely motion where "[p]laintiffs made known their opposition to removal…within the time limit set by § 1447(c)"). Courts also consider whether the complaining party would suffer any prejudice from consideration of the motion.  *See Phoenix Glob. Ventures*, 422 F.3d at 76 (considering an alleged untimely motion where the complaining party "never identified any prejudice arising from the one-day delay"); *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d at 189 ("Treating the motion [as timely filed] causes no unfair prejudice to the defendant").

The Second Circuit's decision in *Phoenix Glob. Ventures* is instructive.  In that case, plaintiff twice attempted to file its remand motion within the 30-day period. 422 F.3d at 74.  Each time, however, the motion was rejected by the ECF system for technical reasons.  *Id.*  Ultimately, Plaintiff successfully filed its motion, but it was outside the 30-day period.  *Id.*  Defendants opposed the motion on the grounds that it was untimely.  *Id.*  The district court deemed the motion timely filed and granted the motion on its merits.  *Id.*  On appeal, the Second Circuit noted that,

while "a motion for remand must be filed within thirty days" and "[t]his deadline is plainly mandatory[,]…we have never held it to be jurisdictional, nor is there any statutory language that purports to limit the court's power to consider an overdue motion." *Id*. at 75.  The court held that the district court had "inherent authority….[to] deem the motion made on the date that the motion would have been filed but for failure to comply with requirements of the electronic filing system." *Id*. at 74.  It affirmed the district court's decision.

Here, just as in *Phoenix Glob. Ventures*, the Court has inherent authority to deem Plaintiff's remand motion timely filed.  Plaintiff filed its motion within the 30-day remand period; it simply filed it under the docket number of the prior action.  Defendants received notice of this filing because they received the ECF notification.  After the Court instructed Plaintiff to file the motion under the correct docket number, Plaintiff did so.  Defendants don't claim any prejudice.  Under these circumstances – and pursuant to the Second Circuit's decision in *Phoenix Glob. Ventures* (and Plaintiff's other authority) – Plaintiff respectfully submits that the Court should deem its motion timely.

Defendants authority is inapposite.  In *Council of Laborers v. Pittsburg-Des Moines Steel*, the court held that plaintiff's argument regarding a defect in the removal procedural was untimely because, although plaintiff's motion to remand was timely, plaintiff didn't raise the procedural argument until its reply brief filed after expiration of the 30-day deadline.  69 F.3d 1034, 1038 (9th Cir. 1995).  Likewise, in *Shipley v. Helping Hands Therapy*, the court reached the same conclusion. 996 F.3d 1157, 1160–61 (11th Cir. 2021).  In contrast to these cases, Plaintiff raised its procedural

argument in its timely motion to remand (not its reply) and, therefore, Defendants authority is inapposite.[2]

### 2.   The 30-Day Remand Deadline is Subject to Equitable Tolling.

Even if Plaintiff's motion weren't deemed timely, the Court could equitably toll the remand deadline until the date Plaintiff's motion was actually filed under the correct docket number.  *See, e.g., Olson v. Lui*, 2011 WL 5330445, at *6, 8 (D. Haw. Nov. 4, 2011) (noting that the 30-day deadline for removal "is not absolute" and "find[ing] that the thirty-day deadline under 28 U.S.C. § 1447(c) was equitably tolled"); *Bank of New York Mellon v. Glavin*, 2012 WL 13069923, at *2 (W.D. Wis. Mar. 15, 2012) ("[E]quitable tolling should be applied to the 30-day deadline to file a motion to remand under 28 U.S.C. § 1447(c)"); *Tyco*, 422 F. Supp. 2d at 371 ("A second reason to reject Twin City's claim [that the remand motion was untimely] is that…there is authority for deeming it to have been equitably tolled"); *Phoenix Global Ventures v. Phoenix Hotel Assocs., Ltd.,* WL 2360033, at *5 (S.D.N.Y. Oct. 19, 2004) (applying equitable tolling to deem a remand motion timely filed); *Byfield v. Niaz,* 2001 WL 25705, at *2 (S.D.N.Y. Jan. 10, 2001) ("[I]t is appropriate that the statutory time period for filing a remand motion be equitably tolled for a minimum of three weeks."); *Doyle v. Staples,* 2000 WL 194685, at *2 (E.D.N.Y. Feb. 18, 2000) ("I conclude that the thirty-day deadline in § 1447(c) was equitably tolled in this case and that I therefore have the authority to entertain an otherwise untimely motion to remand").

In their opposition, Defendants state that, for the Court to deem Plaintiff's motion timely, "the Court would need to accept[] the argument that an equitable exception should be made" and

---

[2] Even if Defendants' authority were apposite, this Court, contrary to *Council of Laborers* and *Shipley*, has considered an argument regarding a defect in the removal procedure raised for the first time on reply.  *See Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, 2015 WL 1730067, at *8 (S.D.N.Y. Apr. 14, 2015).

"Defendants are unaware of any case that has allowed for such an exception." (Doc. No. 12, Defs.'
Memo. at p. 13). As noted above, however, numerous cases have allowed for this exception.
Pursuant to the foregoing – and to the extent the Court doesn't otherwise deem Plaintiff's motion
timely – Plaintiff respectfully submits that the Court should apply equitable tolling to extend the
remand deadline to the date Plaintiff's motion was filed.

### 3. The Court Has Inherent Authority to Deem Plaintiff's Motion Timely Filed Under the Correct Docket Number.

In addition to its other inherent powers, the Court has inherent authority "to manage [its]
dockets." *United States v. Acquest Transit LLC*, 2018 WL 3861612, at \*23 (W.D.N.Y. Aug. 14,
2018) (citing cases) (internal quotation marks omitted). This authority includes deeming a
document to have been filed under the correct docket number. *See Trustees of Const. Indus. &
Laborers Health & Welfare Tr. v. Hartford Fire Ins. Co.*, 482 F.3d 1064, 1065 (9th Cir. 2007)
("We exercise our inherent authority to construe the notice of appeal as having been filed under
the correct docket number"). As such – and to the extent the Court doesn't otherwise deem
Plaintiff's motion timely – Plaintiff respectfully submits that the Court should exercise its inherent
authority to deem Plaintiff's motion to have been filed under the docket number in this case on
January 19, 2024 (as opposed to the docket number in the prior action).

### C. Defendants' Rule 60(b) Argument Fails.

Defendants offer no new meaningful argument or authority in support of their Rule 60(b)
argument. (*See* Doc. No. 12, Defs.' Memo. at pp. 16-17). They simply reiterate their argument

that Plaintiff misrepresented its intent to arbitrate, which Plaintiff already addressed.  (*See* Doc. No. 8, Pl.'s Memo. at pp. 6-8).[3]  Respectfully, Defendants' Rule 60(b) argument fails.

**II.      The Court Should Award Plaintiff its Attorney's Fees and Costs.**

Defendants don't dispute that their second removal was grossly untimely and unsupported by any new basis for removal.  Their Rule 60(b) argument is without merit and simply a pretext to remove this action a second time for the improper purpose of delay.  Respectfully, Defendants' second removal was objectively unreasonable and the Court should award Plaintiff its reasonable attorney's fees and costs.

**III.     The Court Should Deny Defendants' Cross-Motion.**

Defendants seek discovery on Plaintiff's motion to remand.  Respectfully, there is no need for such discovery because the dispositive issues are undisputed; Defendants' Second Notice of Removal was untimely and has no legitimate justification.  Defendants' argument regarding Plaintiff's decision not to arbitrate is simply a pretext for their improper second removal and doesn't warrant discovery.  Respectfully, Defendants' cross-motion should be denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this action for a second time to the Supreme Court of Monroe County and award Plaintiff its reasonable attorney's fees and costs incurred with respect to Defendants' second removal.

---

[3] Defendants claim that "Plaintiff's Counsel concedes that he did make a misrepresentation…." (Doc. No. 12, Defs.' Memo. at p. 17).  That is literally the opposition of what Plaintiff said.  (*See* Doc. No. 8, Pl.'s Memo. at p. 8) ("[T]here was no misrepresentation….")

Dated: February 6, 2024                    Respectfully Submitted,


                                           _/s Steven W. Wells_____
                                           Steven W. Wells
                                           Will Parsons
                                           WELLS LAW P.C.
                                           229 Warner Road
                                           Lancaster, New York 14086
                                           (716) 983-4750
                                           Email: steve@wellspc.com
                                           Email: will@wellspc.com

                                           *Counsel for Plaintiff*