UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

                            *Plaintiff*,

    23 Civ. 06728 (FPG)

   -- against –

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/A PUMP'T;
MARQUIS CATTLE INC.; and
CORY SHANNON MARQUIS,

                            *Defendants*.
---------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' CROSS-MOTION
## TO GIVE RELIEF FROM A REMAND ORDER OR,
## IN THE ALTERNATIVE, LIMITED DISCOVERY AND A HEARING

Brian Goodwin, Esq.
Goodwin Law Firm
75 South Clinton Square, Suite 510
Rochester, NY 14604
Attorney for Defendants

Defendants respectfully submit this reply memorandum of law in support of their cross-motion for an Order giving them relief "from a final judgment, order, or proceeding" due to the "misrepresentation, or misconduct by an opposing party" under Rule 60(b)(3) of the Federal Rules of Civil Procedure ("Federal Rules") or, if the Court deems it necessary to issuing such an Order, limited discovery and an *in camera* hearing.[1]  *See* ECF No. 11-1.

The fact is that Spartan's counsel made a material misrepresentation to the Court. Counsel stated: "If the Court finds that to be the case and remands the action to state court, ***Plaintiff will file its motion to compel arbitration in state court***. It obviously cannot file that motion in state court, however, until remand occurs." ECF No. 1, ¶13 (quoting Plaintiff's Reply Brief in 23 Civ. 06258) (emphasis added). However, when the court remanded the action to state court, Plaintiff ***did not*** file a motion to compel arbitration in state court but demanded that Defendants file their answer so that Plaintiff could file a motion for summary judgment in state court.

Spartan's counsel responds, "there was no misrepresentation; Plaintiff merely stated that it ***intended*** to move to compel arbitration if the case were remanded." Pl. Mem. at 7 (citing Wells Decl. ¶ 11) (emphasis added).  Defendant responded that Plaintiff's entire argument is beside the point because courts have repeatedly held that "misrepresentation" or "misconduct" in Rule 60(b)(3) encompasses more than false statements made with intent to deceive. *See Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F. Supp. 2d 309, 314 (S.D.N.Y. 2003); *see also United States v. One Douglas A-26B Aircraft*, 662 F.2d 1372, 1374-75 n.6 (11th Cir. 1981).  An Order issued under Rule 60(b)(3) can cover even accidental misrepresentations.

---

[1] Defendants include Marquis Cattle Company Inc., Montana Mountain Bison, Inc., MCC Trucking LLC, M Hanging 6 Ranch LLC d/b/a Pump't, Marquis Cattle Inc., and Cory Shannon Marquis (together, "Defendants").

Spartan's counsel elects to not even address this argument or the scope of the Court's power under Rule 60(b)(3).  Spartan's **entire** response in its opposition to motion for an Order under Rule 60(b)(3) is as follows:

> Defendants offer no new meaningful argument or authority in support of their Rule 60(b) argument. (See Doc. No. 12, Defs.' Memo. at pp. 16-17). They simply reiterate their argument that Plaintiff misrepresented its intent to arbitrate, which Plaintiff already addressed. (See Doc. No. 8, Pl.'s Memo. at pp. 6-8).3 Respectfully, Defendants' Rule 60(b) argument fails.

ECF No. 14, at 6-7.  That is all that Spartan's Counsel can muster.

Spartan's counsel completely ignores Plaintiff's argument that counsel's intent in stating "Plaintiff will file its motion to compel arbitration in state court" is not relevant under Rule 60(b)(3) when a party seeks an Order on the grounds of misrepresentation or misconduct.  "It is well settled in this Circuit that a plaintiff effectively concedes a defendant's arguments by his failure to respond to them."  *Lopez Canas v. Whitaker*, No. 19 Civ. 6031, 2019 WL 2287789, at *5 (W.D.N.Y. May 29, 2019); *see also Miles v. Walawender*, No. 10 Civ. 973, 2013 WL 1908304, at *1 (W.D.N.Y. May 7, 2013) ("Plaintiff's opposing Memorandum of Law does not respond to this argument, and effectively concedes these arguments by his failure to respond to them.") (alteration, citation, and quotation marks omitted) (citation and quotation marks omitted); *Rosenblatt v. City of New York*, No. 05 Civ. 5521, 2007 WL 2197835, at *7 (S.D.N.Y. July 31, 2007) ("Plaintiff effectively concedes defendants' other arguments . . . by her failure to respond to them.").

By utterly failing to respond to Defendants' arguments, Plaintiff also concedes that if this Court were to hold the intent of Spartan's Counsel does determine the outcome of Defendants' motion to be given relief from the prior order, the Court should issue an order permitting limited discovery and conduct an *in camera* hearing on the decision not to arbitrate along with disqualifying Plaintiff's Counsel as a witness to the hearing.  "It cannot be too often noted that in any context merely saying so does not make it so. It never has." *Putnam v. CarmelCrisp LLC*, 20

Civ. 02074, Dkt. 107 at 7 n.3 (N.D. Ill. Jan. 18, 2024) (numerous citations omitted); *see also Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 779 (2018).

      For these reasons, and those stated in its memorandum of law in support of this cross-motion (ECF No. 11-1), if the Court does not hold that Plaintiff's motion to remand is barred by 28 U.S.C. § 1447(c), Defendants respectfully request that they be given relief from the prior order and the Court determine whether Plaintiff has waived the right to arbitration.

Dated: Rochester, NY
February 20, 2024

/s/ *Brian Goodwin*
Brian R. Goodwin
Goodwin Law Firm
75 South Clinton Square, Suite 510
Rochester, NY 14604
(585) 353-7084

*Attorney for Defendants*

3