UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

SPARTAN BUSINESS SOLUTIONS LLC
D/B/A SPARTAN CAPITAL,

                                                      Plaintiff,        Case # 23-CV-06728-FPG

v.                                                           DECISION AND ORDER

MARQUIS CATTLE COMPANY INC.
D/B/A MARQUIS CATTLE COMPANY;
MONTANA MOUNTAIN BISON, INC.;
MCC TRUCKING LLC;
M HANGING 6 RANCH LLC D/B/A PUMP'T;
MARQUIS CATTLE INC. and
CORY SHANNON MARQUIS,

                                                     Defendants.
───────────────────────────────────

## INTRODUCTION

On March 30, 2023, Plaintiff Spartan Business Solutions LLC ("Plaintiff") brought a breach of contract and personal guarantee action against Defendants Marquis Cattle Company Inc d/b/a Marquis Cattle Company, Montana Mountain Bison, Inc, MCC Trucking LLC, M Hanging 6 Ranch LLC d/b/a Pump't, Marquis Cattle Inc, and Cory Shannon Marquis (collectively, "Defendants") in the Supreme Court of the State of New York, County of Monroe. ECF No. 1-2.

On May 10, 2023, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1446, alleging subject matter jurisdiction under 28 U.S.C. § 1332. *See* Case No. 23-CV-06258 ("Prior Action" or "PA"), ECF No. 1. On June 9, 2023, Plaintiff filed a motion to remand for lack of subject matter jurisdiction or, in the alternative, to compel arbitration. PA, ECF No. 10. On June 26, 2023, Defendants responded. PA, ECF No. 14. On June 27, 2023, Plaintiff replied. PA, ECF No. 15. On November 6, 2023, the Court granted Plaintiff's motion in part, permitting Defendants to file an amended notice of removal to properly allege the citizenship of Defendants

MCC Trucking LLC and M Hanging 6 Ranch LLC (the "LLC Defendants") within fourteen days of the Court's order, and reserving decision on Plaintiff's motion to compel arbitration.  PA, ECF No. 16.  Defendants did not file an amended notice of removal by the Court's deadline, and the Court accordingly remanded the action to state court for lack of subject matter jurisdiction on November 21, 2023, and directed the Clerk of Court to close the case.  PA, ECF No. 17.

On December 21, 2023, Defendants removed the action to this Court for a second time, which opened a new action, alleging subject matter jurisdiction under 28 U.S.C. § 1332 and arguing that Plaintiff made a material misrepresentation in its reply brief in the Prior Action, which warrants relief under Federal Rule of Civil Procedure 60(b)(3).  ECF No. 1.  On January 19, 2024, Plaintiff moved to remand and moved for expedited briefing.  *See* ECF Nos. 3-6, 8; *see also* PA, ECF Nos. 18-20, 21-22.[1]  Defendants responded to Plaintiff's motion to remand on January 31, 2024, ECF Nos. 11-13, and Plaintiff replied, ECF No. 14.  Defendants also filed an amended notice of removal, with supplemental correspondence attached, on January 30, 2024.  ECF No. 10.  For the reasons below, Plaintiff's motion to remand is GRANTED.

---

[1] On January 19, 2024, Plaintiff filed these submissions on the docket of the Prior Action.  On January 23, 2024, the Court directed Plaintiff to refile them in the present action.  Plaintiff refiled them on January 23, 2024.  For the purposes of this Decision and Order, the Court will consider Plaintiff's submissions as filed on January 19, 2024.  Plaintiff's motion to remand was therefore timely under 28 U.S.C. § 1447(c) (stating that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal").

Plaintiff's filing of the submissions in the Prior Action was an excusable error in light of Defendants' second removal of the state action and Defendants' Rule 60(b) argument, which would typically be brought in an action which includes the order from which Defendants seek relief.  *See* Fed. R. Civ. P. 60(b); *see also* Section B, *infra*.

Defendants argue that the Court should bar Plaintiff's motion to remand because it was filed in the present action two days after the 30-day statutory deadline.  *See* ECF No. 11-13.  The Court rejects this argument for equitable reasons and pursuant to its "inherent power" to manage its own docket "so as to achieve the orderly and expeditious disposition of cases[.]"  *Bones v. Cnty. of Monroe*, No. 23-CV-06201-FPG, 2023 WL 8809732, at *2 (W.D.N.Y. Dec. 20, 2023) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013)).

**BACKGROUND**

The following facts are taken from Defendants' notice of removal and amended notice of removal in the present action, unless otherwise stated. Defendants' notice of removal alleges, in pertinent part, that Plaintiff's reply brief in the Prior Action included a material misrepresentation under Federal Rule of Civil Procedure 60(b)(3). ECF No. 1 at 4-5. Specifically, Defendants allege that the following statement in Plaintiff's reply brief, filed in connection with Plaintiff's motion to remand or compel arbitration, was a material misrepresentation: "Plaintiff filed its motion to remand because it contends that this Court lacks subject matter jurisdiction. If the Court finds that to be the case and remands the action to state court, Plaintiff *will file its motion to compel arbitration in state court*. It obviously cannot file that motion in state court, however, until remand occurs." *Id*. at 3 (emphasis added).

As stated, on November 6, 2023, the Court granted Plaintiff's motion in part, permitting Defendants to amend their notice of removal to correct pleading deficiencies relating to diversity jurisdiction, but reserving on Plaintiff's motion to compel arbitration. PA, ECF No. 16. Specifically, the Court stated: "Within fourteen (14) days of the filing of this Decision and Order, Defendants may file an amended notice of removal to resolve the jurisdictional issue described herein. If Defendants do not do so by this deadline, the Court will remand this case to the Supreme Court of the State of New York, Monroe County, without further order. If Defendants' amended notice of removal satisfies this Court that diversity jurisdiction exists, the Court will take Plaintiff's pending motion to compel arbitration and Defendants' response under advisement." PA, ECF No. 16. Defendants did not file an amended notice of removal. ECF No. 1 at 3. The Court, having received no amended notice of removal, remanded the action to state court for lack of subject

3

matter jurisdiction because Defendants failed to adequately allege the citizenship of the LLC Defendants, and closed the case.  PA, ECF No. 17.

After the action was remanded, Plaintiff did not file a motion to compel arbitration in state court, and instead indicated an intent to file a motion for summary judgment.  ECF No. 1 at 4.  Defendants stated to Plaintiff via email: "Please file your client's demand [for arbitration] tomorrow [Tuesday, December 19, 2023]. . . . You represented to the Court that this matter would be arbitrated.  It should be arbitrated."  Id. at 4.  Defendants' second removal followed, on December 21, 2023.  ECF No. 1.  Defendants allege that they did not file an amended notice of removal in the Prior Action and allowed the remand to occur because Plaintiff represented that "Plaintiff will file its motion to compel arbitration in state court."  ECF No. 1 at 3.

Defendants' second notice of removal alleges the Court's subject matter jurisdiction under 28 U.S.C. § 1332.  ECF No. 1.  Defendants' second notice failed to include any allegations as to the citizenship of the LLC Defendants and Defendants accordingly filed an amended notice of removal under 28 U.S.C. § 1653 on January 30, 2024.  ECF Nos. 10 (amended notice of removal), 10-1 (letter from defense counsel indicating citizenship of LLC Defendants inadvertently omitted).  The amended notice of removal states that the LLC Defendants are "citizens of Montana" because the "two individual members of MCC Trucking LLC are each a natural person, and each person is a citizen of Montana" and the "two individual members of M Hanging 6 Ranch LLC are each a natural person, and each person is a citizen of Montana."  ECF No. 10 at 2.  Plaintiff is a "citizen of the state of New Jersey because it has a single member who is a natural person who resides in and is a citizen of the state of New Jersey."  Id.  Defendant Cory Shannon Marquis is alleged to be "citizen of the state of Montana."  ECF No. 1 at 2.  The remaining Defendants, Marquis Cattle Company Inc d/b/a Marquis Cattle Company and Montana Mountain Bison, Inc, are alleged to be

4

"citizens of the state of Montana because they were formed under the laws of Montana and the corporation's 'nerve center' is in the state of Montana." ECF No. 10 at 2. The amount-in-controversy is alleged to be $230,886.26. *Id*. In the second notice of removal, Defendants request that the Court "relieve the Defendants of the Order remanding the case [under Rule 60(b)] and hold that Plaintiff waived the right to arbitrate or, in the alternative, issue an order compelling arbitration." *Id*. at 5.

## LEGAL STANDARD

On a motion to remand, courts construe all factual allegations in favor of the party seeking the remand. *Metropolitan Property & Cas. Ins. Co. v. J.C. Penney Cas. Ins. Co.*, 780 F. Supp. 885, 887 (D. Conn. 1991) (citations omitted); *see R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979). Moreover, it is well settled that Defendants, as the parties removing the action to federal court, have the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sullivan v. First Affiliated Secur., Inc.*, 813 F.2d 1368, 1371 (9th Cir.), *cert. denied*, 484 U.S. 850 (1987); *Metropolitan*, 780 F. Supp. at 889 (citations omitted).

## DISCUSSION

The Court addresses in turn Defendants' second removal and the Court's subject matter jurisdiction. For the reasons below, the Court concludes that Defendants' second removal was improper and diversity jurisdiction is lacking. Plaintiff's motion to remand is accordingly granted.

### A. Removal

"The fact that a case was initially removed and remanded does not in of itself preclude removal a second time around." *One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62

(D. Conn. 1995).  However, "a defendant may only file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal."[2] *Abbo-Bradley v. City of Niagara Falls*, No. 1:20-CV-00136-FPG, 2021 WL 243701, at *3 (W.D.N.Y. Jan. 25, 2021) (internal quotations and citations omitted), *aff'd*, 73 F.4th 143 (2d Cir. 2023), and *aff'd sub nom*. *Abdullah v. City of Niagara Falls*, No. 21-237, 2023 WL 9423083 (2d Cir. Sept. 29, 2023).

The phrase "different grounds" means "a different set of facts that state a new ground for removal."  *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974).  "It is not enough to have new facts supporting removal; these new facts must provide a new ground for removal." *Everett Fin., Inc. v. Kocher*, No. 3:19-CV-1563-B, 2019 WL 4597574 at *3 (N.D. Tex. Sep. 20, 2019).  Stated differently, the new facts must create a "relevant change of circumstances" that "alter [ ] the circumstances *bearing on jurisdiction*." *Reyes v. Dollar Tree Stores, Inc*., 781 F.3d 1185, 1188 (9th Cir. 2015) (emphasis added).  They must "put the defendant in a different position compared to where it stood during the first removal, in the sense that the new facts give the defendant a newfound ability to allege federal jurisdiction that it did not have during its first removal." *Waters v. Kohl's Dep't Stores, Inc*., No. 2:18-CV-00328-ODW-AFM, 2018 WL 1664968 at *4 (C.D. Cal. Apr. 4, 2018).

Here, Defendants appear to allege that Plaintiff's failure to file a motion to compel arbitration in state court after the prior remand constitutes a new and different grounds for removal.  *See generally* ECF Nos. 1, 11, 15.  Defendants allege that Plaintiff misrepresented that it would do so if the Prior Action was remanded, and such misrepresentation warrants relief under Federal

---

[2] Generally, a defendant must remove a case within 30 days of receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). But, under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Rule of Civil Procedure 60(b)(3), which is grounds for a second removal. ECF No. 1. The Court disagrees. Because Plaintiff's decision to not file such a motion has no "bearing on the analysis" of federal jurisdiction, the Court concludes that Plaintiff's omission in state court is not a subsequent pleading or event that "reveal[s] a new and different ground for removal." *Abbo-Bradley*, 2021 WL 243701, at *3. The only basis for federal jurisdiction alleged is diversity, and, as further explained below, Defendants fail to adequately allege it, or provide new facts that may affect it, such as, for example, a post-remand admission by a party which opposed removal that an amount-in-controversy exceeds $75,000.00. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999); *see also Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *1 (M.D. Fla. May 15, 2014) (collecting cases). Contrary to Defendants' suggestion, a party's alleged misrepresentation about what it will do upon remand has no bearing on the existence of diversity jurisdiction, and thus does not confer federal jurisdiction for the purposes of removal.[3] Accordingly, the Court need not address whether a material misrepresentation occurred, nor whether a properly filed Rule 60(b) motion is barred by 28 U.S.C. § 1447(d).[4] *See Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1010-13 (4th Cir. 2014); *see also Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005) (remand orders are "universally construed to preclude not only appellate review but also reconsideration by the district court").

---

[3] For clarity, Defendants' Rule 60(b) argument, included in the notice of removal, is not properly before the Court. To seek relief under Rule 60(b), a party must file a motion requesting relief from a prior order. *See* Fed. R. Civ. P. 60(b)(3) ("On *motion* and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [due to] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]") (emphasis added). Defendants' second removal opened a new case before this Court that is distinct from the Prior Action, which was closed by the prior remand order, *see* PA, ECF No. 17, the order from which Defendants ostensibly seek relief.

[4] "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 [cases against federal officers] or 1443 [certain civil rights cases] of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d).

7

Because Defendants' second removal is therefore based on the same grounds as the first, Defendants' second removal was improper. "[A] second removal by the same party on the same ground is impermissible[.]" *Ortiz v. City of New York*, No. 13 CIV. 136 JMF, 2013 WL 2413724, at *2 (S.D.N.Y. June 4, 2013) (citing *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 456-57 (7th Cir. 2005)). Moreover, even if Defendants' second removal were proper, Defendants' allegations as to diversity jurisdiction remain deficient.

### B. Subject Matter Jurisdiction

Defendants allege subject matter jurisdiction stemming from diversity of citizenship and argue, as discussed *infra* Section A, that Plaintiff's failure to file a motion to compel arbitration in state court rendered the prior statement in Plaintiff's reply brief a material misrepresentation under Rule 60(b), which justifies relief from the prior remand order. ECF No. 1 at 1-2. For the reasons below, the Court concludes that diversity jurisdiction is inadequately alleged.

In this section, the Court confines its analysis to diversity jurisdiction because it is the only jurisdictional basis for removal. Defendants' Rule 60(b) justification for the second removal presents a distinct, but likewise insufficient, basis for removal.

Subject matter jurisdiction is a fundamental predicate to adjudication in the federal courts. *Linium, LLC v. Bernhoit*, No. 117CV0200LEKCFH, 2017 WL 2599944, at *2 (N.D.N.Y. June 15, 2017). "Dismissal of a case for lack of subject matter jurisdiction … is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A lack of subject matter jurisdiction cannot be waived, and may be raised by motion or *sua sponte* at any time. *E.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court

8

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In the removal context, "[i]f any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case to state court. 28 U.S.C. § 1447(c).  However, "[w]hen diversity is not absent from a notice of removal but is defectively alleged," courts will typically permit the removing party to amend its notice of removal.  *Grow Grp., Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *1-2 (S.D.N.Y. Feb. 10, 1995) (citing 28 U.S.C. § 1653).

"Under the standard diversity jurisdiction statute, 28 U.S.C. § 1332(a), there must be 'complete' diversity among the parties, meaning that each defendant must be a citizen of a different state from each plaintiff."  *U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-558, 2016 WL 5107123, at *2 (N.D.N.Y. Sept. 20, 2016) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

Only the citizenship of the LLC Defendants is at issue.[5]  As stated, on December 21, 2023, Defendants filed a notice of removal, but that notice lacked any allegations as to the citizenship of the members of the LLC Defendants.  *See* ECF No. 1.  On January 30, 2024, Defendants filed an amended notice of removal to include such jurisdictional allegations, which the Court will construe as having been filed pursuant to 28 U.S.C. § 1653, and treat as the operative notice of removal.[6]

---

[5] It is undisputed that Plaintiff has a sole member who is a citizen of New York and New Jersey.  ECF No. 10 at 2.  It is undisputed that Marquis Cattle Company Inc d/b/a Marquis Cattle Company, Montana Mountain Bison, Inc are citizens of Montana because they are incorporated and have a principal place of business within the state.  ECF No. 10 at 2.  It is also undisputed that Cory Shannon Marquis is a natural person who is a citizen of Montana.  *Id*.

[6] That statute provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  Because a notice of removal is a pleading, Defendants were required to seek leave to amend its notice of removal under Federal Rule of Civil Procedure 15(a)(2) (if a pleading is not amended "as a matter of course[,]" a "party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.").

Because such leave should "be freely permitted" and should generally be denied only when "the record clearly indicates that the [pleading] could not be saved by any truthful amendment[,]" the Court will exercise its discretion to consider Defendants' amended notice of removal, despite Defendants' failure to seek leave prior to filing.  *Goney v.*

9

Defendants allege that the LLC Defendants are "citizens of the state of Montana" because the "two individual members of MCC Trucking LLC are each a natural person, and each person is a citizen of Montana" and the "two individual members of M Hanging 6 Ranch LLC are each a natural person, and each person is a citizen of Montana." ECF No. 10 at 1.  While a corporation takes the citizenships of the states in which it is incorporated and the state containing its principal place of business, 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (defining "principal place of business"), an LLC takes the citizenships of each of its members (i.e., its owners), *e.g., Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *see N.K.T. Land Acquisitions, Inc. v. Chase Manhattan Mortg. Corp.*, No. 07-CV-790, 2007 WL 4324109, at *1 (N.D.N.Y. Dec. 7, 2007) ("The state of an LLC's organization and principal place of business is irrelevant in determining its citizenship for diversity purposes.").  To properly allege the citizenship of an LLC for diversity purposes, Defendants must include allegations "as to the identity or citizenship of [the LLC's] members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).[7]  A pleading which fails to "identify the members of an LLC" or "to identify the citizenship of the members […] fails on its face to plead diversity of citizenship." *Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) (summary order) (citing *Carter*, 822 F.3d at 60).

Here, Defendants' allegations as to the citizenship of the LLC Defendants are insufficient for diversity purposes.  Defendants allege the citizenship of the members of the LLC Defendants,

---

*SuttonPark Cap. LLC*, No. 22-1830, 2023 WL 8235019, at *4 (2d Cir. Nov. 28, 2023) (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 55 (2d Cir. 2019)).

[7] "*Carter*['s] use[] [of] the coordinating conjunction 'or' rather than 'and' in referring to 'identity' and 'citizenship' [] simply reflects that the evaluation of any pleading is context-dependent." *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 185 (E.D.N.Y. 2022).  "[I]t would be a rare case where an allegation identifying a defendant by name, but not alleging his citizenship, is satisfactory. Something more than "identity" may have to be alleged depending on the context, and something more than the legal conclusion of "citizenship" may have to be alleged, especially if the identity of the referenced individual is unknown to the pleader." *Id*. at 185, n. 2.

but fail to identify the members in the amended notice of removal. *See* ECF No. 10. As stated, Defendants' amended notice of removal provides that the "two individual members of MCC Trucking LLC are each a natural person, and each person is a citizen of Montana[,]" and "[t]he two individual members of M Hanging 6 Ranch LLC are each a natural person, and each person is a citizen of Montana." ECF No. 10 at 2. A pleading which fails to "identify the members of an LLC" or "to identify the citizenship of the members […] fails on its face to plead diversity of citizenship." *Kruglov*, 771 F. App'x at 118. Not only do Defendants fail to identify the members of the LLC Defendants, but the allegations presented as to the members' citizenship are lacking, as well. *See Kenshoo, Inc.*, 586 F. Supp. 3d at 185 (declining to find allegations adequate where citizenship alone, without identification, alleged with respect to unknown, unnamed member). Defendants state in the amended notice of removal that each member of the LLCs is a "natural person" who is "citizen of Montana[,]" but do not provide any allegations as to each member's domicile or residence, which is the proper measure of an individual's citizenship. ECF No. 10 at 2. "An allegation of citizenship is […] a legal conclusion built upon another legal conclusion, domicile, which is determined by considering a number of facts that show the party's true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Kenshoo*, 586 F. Supp. 3d at 184 (internal quotations omitted) (citing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). A person can have multiple residences, but only one domicile. *Rosario v. I.N.S.*, 962 F.2d 220, 224 (2d Cir. 1992) ("One may have more than one residence in different parts of this country or the world, but a person may have only one domicile.").

An individual's domicile may be determined by, but not limited to, the following factors: "current residence, voting registration, driver's license and automobile registration, location of

brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (internal quotation marks and citations omitted).  To be sure, Defendants need not prove the citizenship of the members of the LLC Defendants at this stage of litigation, but they must plausibly allege it.  Here, Defendants' allegations are insufficient.  Moreover, they do not comply with the Court's directive in the Prior Action.

Defendants' notice of removal in the Prior Action did not include citizenship allegations for any of the LLC Defendants' members, but merely stated, summarily, that the "Corporate Defendants are citizens of the state of Montana."  PA, ECF No. 1 at 1.  That notice of removal did not allege the citizenship or identity of the members of the LLC Defendants.  *Id*.  Defendants' corporate disclosure statement did not cure these deficiencies because it failed to identify the members of the LLC Defendants.  *See* PA, ECF No. 8.  The Court accordingly rejected Defendants' allegations and permitted Defendants to file an amended notice of removal to properly distinguish between the citizenship of the LLC Defendants and Defendants Marquis Cattle Company Inc d/b/a Marquis Cattle Company and Montana Mountain Bison, Inc., and to provide the citizenship and identities of the members of the LLC Defendants.  *See Spartan Bus. Sols. LLC v. Marquis Cattle Co. Inc.*, No. 23-CV-06258-FPG, 2023 WL 7294886, at *2 (W.D.N.Y. Nov. 6, 2023) ("The Notice of Removal does not include citizenship allegations for the LLC Defendants' members, nor allegations of the members' identities […] [t]hus, the Notice of Removal does not establish diversity of citizenship and is inadequate as a matter of law.").

The Court accordingly concludes that diversity jurisdiction is inadequately alleged under 28 U.S.C. § 1332 and Defendants' second removal was impermissible because no new facts are alleged bearing upon the Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. The Court hereby remands this case to the Supreme Court of the State of New York, Monroe County, for lack of subject matter jurisdiction. The Clerk of Court is accordingly directed to (i) mail a certified copy of this Decision and Order to the Supreme Court of the State of New York, Monroe County, and (ii) close this case. *See* 28 U.S.C. § 1447.

SO ORDERED.

Dated: February 29, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York